UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA RICHARDSON, as an individual, on behalf of herself, and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SUNBELT STAFFING, LLC, a Florida limited liability company; and DOES 1 through 50, inclusive<br><br>Defendants. | No. 2:25-cv-00403-DJC-JDP<br><br>**ORDER** |

Plaintiff Rebecca Richardson brings a number of employment-related causes of action on both an individual and class basis against her former employer, Defendant Sunbelt Staffing, LLC. Defendant moves to compel arbitration of Plaintiff's claims based on an Arbitration Agreement signed by the parties. For the reasons discussed below, the Court finds that the parties signed an Arbitration Agreement and that Plaintiff's claims fall under the scope of that Agreement. The Court further finds that the Arbitration Agreement is not unconscionable and is therefore enforceable. Accordingly, the Court GRANTS Defendant's Motion to Compel Arbitration, Dismiss Class Claims, and Stay Litigation (ECF No. 5).

////

## BACKGROUND

Richardson, a resident of Sacramento, California, applied for a paraprofessional position with Defendant in July 2024. (ECF No. 1, Notice of Removal, containing Compl., ¶ 10.) Defendant, a recruitment firm, hired her and assigned her to work at El Dorado County School District as a behavioral technician in August 2024. (*Id.* ¶¶ 11, 22.) Defendant told Plaintiff that as part of the onboarding process, she needed to complete a drug screening, tuberculosis test, and background check, in addition to verifying her work authorization documents. (*Id.* ¶ 23.) Plaintiff believes that all potential employees are required to go through these steps during their onboarding processes. (*Id.* ¶ 30.) Plaintiff completed these tasks, through which she incurred costs that were not reimbursed by Defendant. (*Id.* ¶ 26–28.) Plaintiff believes that other employees who had to incur similar costs were also not compensated for these expenses. (*Id.* ¶ 40-41.) Approximately two weeks later, Defendant informed Plaintiff that it was terminating her employment because her background check disclosed that she had been convicted of a misdemeanor in August 2001. (*Id.* ¶ 29.)

During the onboarding process, Plaintiff was provided a Consumer Disclosure ("Disclosure") and an Authorization regarding Background Investigation ("Authorization") forms. (*Id.* ¶ 31.) Plaintiff believes that all prospective employees are provided with these, or substantially similar, forms. (*Id.*) The Disclosure provides that Defendant "may obtain a Consumer Report and/or Investigative consumer Report (collectively, "Report") from a consumer reporting agency pursuant to the Fair Credit Reporting Act as amended by the Consumer Reporting Reform Act of 1996," and that "The Report is being obtained for the purposes of evaluating you for employment, reassignment or retention as an employee." (*Id.* ¶ 32.) Plaintiff avers that neither the Disclosure nor Defendant provided the name, address, and telephone number of the consumer reporting agency that was to furnish the Report. (*Id.* ¶ 33.)

////

////

1  The Authorization included the following text:

> In consideration of my employment and/or my continued employment, I hereby release the Company, its clients, the consumer reporting agency and their respective parents, subsidiaries, and affiliated companies, and their officers, employees, agents, shareholders and representatives from any and all liability and responsibility arising out of or relating to the performance of any background investigation and/or any employment-related decisions made by the Company or its Clients based on any information obtained from a background investigation.

(*Id.* ¶ 34.) Plaintiff believes that the same, or a substantially similar Authorization, was given to all prospective employees. (*Id.* ¶ 35.)

Plaintiff further alleges that neither the Disclosure nor the Authorization provided to Plaintiff an option to receive a copy of any Report prepared. (*Id.* ¶ 36–37.) She also states that neither form provided Plaintiff with a disclosure or notice that the Report may include information on the consumer's character, general reputation, personal characteristics, and mode of living; identified the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation; notified the consumer of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22 of the California Civil Code; or notified the consumer of the Internet Web site address of the investigative consumer reporting agency identified, or, if the agency has no Internet Web site address, the telephone number of the agency. (*Id.* ¶ 38.) Plaintiff believes that no prospective employee was given these notices. (*Id.* ¶ 39.)

Plaintiff brings five claims against Defendant on an individual and class basis: (1) Failure to provide a written disclosure in compliance with the Investigative Consumer Reporting Agency Act in violation of California Civil Code section 1786.16 (*id.* ¶¶ 51–67); (2) Improperly including a liability waiver in its Fair Credit Reporting Act disclosure in violation of 15 U.S.C. section 1681 (*id.* ¶¶ 68–86); (3) Failure to pay for pre-employment consumer report in violation of California Civil Code section

3

1785.20.5 (*id.* ¶¶ 87–105); (4) Failure to pay for pre-employment medical or physical examination in violation of California Labor Code section 222.5 (*id.* ¶¶ 106–15); and (5) Violation of California's Unfair Competition Law, California Business and Professions Code sections 17200 *et seq.* (*id.* ¶¶ 116–30).  Plaintiff filed her original suit in the Sacramento Superior Court on December 16, 2024, and it was removed to this Court by Defendant on January 29, 2025.  (ECF No. 1.)  Although initially disputed, the partes now agree that they signed a valid Arbitration Agreement as part of Plaintiff's onboarding process.  (ECF No. 11 at 4.)  Relying on that Agreement, Defendant moves to compel arbitration, dismiss the class claims, and stay the pending litigation on the basis that the Arbitration Agreement governs this dispute.  (ECF Nos. 5, 11.)

## LEGAL STANDARD

The FAA governs arbitration agreements.  9 U.S.C. § 2.  Under the FAA, a signatory to an arbitration agreement may obtain an order directing a noncomplying party to arbitrate in the manner provided for in the agreement.  9 U.S.C. § 4.  In weighing a motion to compel arbitration, a court must determine: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016).  "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011).

"When considering a motion to compel arbitration, a court applies a standard similar to the summary judgment standard" of Federal Rule of Civil Procedure 56.  *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004) (citations omitted); *see Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) ("[D]enial of a motion to compel arbitration has the same effect as a grant of partial summary judgment denying arbitration . . . .").  The party opposing arbitration receives the benefit of any reasonable doubts and the court draws reasonable inferences in that party's favor, and only when no genuine disputes of material fact surround the arbitration agreement's existence and applicability may the court

compel arbitration. *Concat*, 350 F. Supp. 2d at 804; see *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991). The decision to compel arbitration is mandatory, not discretionary, if the requirements are met. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

**DISCUSSION**

The parties agree they signed an Arbitration Agreement. On review, the Agreement encompasses the types of claims brought by Plaintiff and is not unconscionable. Because the agreement is valid, encompasses the types of claims brought, and not unconscionable, Plaintiff must arbitrate her claims.

### A. An Arbitration Agreement Exists

As an initial step, the Court must determine: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Boardman*, 822 F.3d at 1017. The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence the existence of an agreement to arbitrate. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).

Although the parties initially disputed whether there was an Arbitration Agreement signed by Plaintiff, they now stipulate that said Agreement exists, and that Plaintiff's electronic signature on it is authentic. (ECF No. 11 at 4.)

Accordingly, the Court finds that Defendant has met its burden of proving the existence of an Arbitration Agreement.

### B. The Arbitration Agreement Encompasses the Dispute at Issue

After finding that an Arbitration Agreement exists, a court must then weigh whether that Agreement encompasses the dispute at issue. *Boardman*, 822 F.3d at 1017. Here, there can be no dispute as to whether the Agreement covers the underlying causes of actions.

As relevant here, the Agreement states: "[Defendant] and [Plaintiff] agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the Parties, or the termination of

5

the employment relationship (collectively, "Claims" or individually, "Claim"), shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association." (ECF No. 5-3, Ex. A.)  Plaintiff is bringing employment-related claims, which necessarily arise out of the "employment relationship. (*See id.*)

Plaintiff does not contest that the Arbitration Agreement does not encompass her claims. (*See generally*, ECF Nos. 1, 7.) Given the unambiguous language in the Agreement and Plaintiff's tacit acknowledgement that they apply, the Court finds that the Agreement covers the dispute at issue here.

**C.  The Agreement is Not Unconscionable**

Plaintiff argues that the Arbitration Agreement, if it exists, is unconscionable. (ECF No. 7 at 11–21.) Defendant rebuts that the Agreement's terms do not rise to the level of unconscionability and are therefore enforceable. (ECF No. 5 at 15–23; ECF No. 8 at 5–17.) The Court finds that the Agreement's terms are not unconscionable, and therefore, the Agreement is enforceable.

For a contract such as the Arbitration Agreement at issue here to be found unconscionable and therefore void, a court must determine that it is both procedurally and substantively unconscionable. *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1243 (2016). "Procedural unconscionability 'addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power.'" *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 492 (2024), quoting *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012). Contracts of adhesion – contracts imposed and drafted by the party of superior bargaining strength that relegates the subscribing party only the opportunity to adhere to the contract or reject it – are indicative of procedural unconscionability. *Yeng Sue Chow v. Levi Strauss & Co.*, 49 Cal. App. 3d 315, 325 (1975). Substantive unconscionability concerns the "fairness of an agreement's actual terms." *Pinnacle Museum Tower Assn.*, 55 Cal. 4th at 246. Contracts that are substantively

1   unconscionable create unfair or one-sided results. *Armendariz v. Found. Health*
2   *Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). While both procedural and
3   substantive unconscionability are needed for a contract to be deemed
4   unconscionable as a whole, these elements need not be present at the same degree.
5   *Baltazar*, 62 Cal. 4th at 1243. Instead, Courts apply a sliding scale in which a contract
6   with significant procedural unconscionability need not have significant substantive
7   unconscionability, and vice versa. *Armendariz*, 24 Cal. 4th at 114.

8       Plaintiff argues that the Agreement is procedurally unconscionable due to the
9   oppressive nature and inherent unequal bargaining power of the employee/employer
10  relationship. Plaintiff views the Agreement as being a contract of adhesion due to this
11  imbalance of power between the parties. The crux of her argument is that she did not
12  have the power to reject or alter the Agreement, and therefore, did not have free
13  choice when she accepted it. This argument fails. The Agreement in question is
14  explicitly called the "**Voluntary** Dispute Resolution and Arbitration Agreement for
15  Consultants." (ECF 5-3, Ex. A, emphasis added.) Plaintiff does not indicate that
16  Defendant made some sort of additional statement that there was an expectation that
17  she accept the Agreement or face adverse employment consequences. Meanwhile,
18  the Agreement dictates that a new employee has the right to consult with counsel
19  prior to accepting the Agreement and that by signing it, the new employee
20  understands that it is done "knowingly and voluntarily." (*Id.*) Whatever external
21  pressure Plaintiff felt from herself or other factors in her life regarding the necessity of
22  signing the Agreement cannot overcome the explicit voluntary nature of that
23  Agreement. Accordingly, the Court views the explicit voluntary nature of the
24  Agreement as controlling and deems that the Agreement is not one of adhesion.

25      For a contract to be deemed unconscionable as a whole, it needs to be both
26  procedurally and substantively unconscionable. Because the Court finds that the
27  Agreement is not procedurally unconscionable, the Agreement cannot be found
28

unconscionable as a whole, regardless of any substantive unconscionability.  *See Baltazar*, 62 Cal. 4th at 1243.

### D. Plaintiff Agreed to Arbitrate on an Individual Basis

Defendant points out, and Plaintiff does not contest, that the language of the Agreement prohibits Plaintiff from bringing her claims on a class basis.  Specifically, the Agreement stipulates that:

> **EXCEPT FOR YOUR RIGHTS UNDER PARAGRAPH 4, BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES AND NOT AS A PLAINTIFF, CLASS, OR COLLECTIVE ACTION MEMBER IN ANY PURPORTED CLASS AND/OR COLLECTIVE ACTION PROCEEDING.**

(ECF No. 5-3, Ex. A at 1.)

The language in the Agreement unambiguously prohibits class claims. Plaintiff does not rebut this observation.  Accordingly, the Court finds that this language is controlling.

## CONCLUSION

The Court finds that there is an Arbitration Agreement that encompasses the issues at dispute here.  Further, the Court finds that the Agreement is not procedurally unconscionable, and therefore, the Agreement cannot be unconscionable as a whole. Accordingly, the Agreement requires Plaintiff to arbitrate her claims on an individual basis, and the Court will stay the case pending the resolution of the arbitration proceedings.  Defendant's Motion to Compel Arbitration, Dismiss Class Claims, and Stay Litigation (ECF No. 5) is GRANTED.  Defendant shall file a status report within 180

////

////

////

////

1 days, and every 180 days thereafter, advising the Court on the status of arbitration
2 proceedings.  The Clerk of Court is DIRECTED to administratively close this case.

   IT IS SO ORDERED.

Dated:  **June 18, 2025**

*[signature]*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC5 – Richardson25cv403.mtca

9